IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEUTSCHE BANK | : | CIVIL ACTION |
| v. | : | |
| BARBARA MOMENT | : | NO. 12-4261 |
| | : | |
| BARBARA MOMENT, Third Party Plaintiff | : | FILED |
| v. | : | SEP 28 2012 |
| DEUTSCHE BANK, et al. Third Party Defendants | : | By_____ MICHAEL E. KUNZ, Clerk Dep. Clerk |

MEMORANDUM

ROBRENO, J.                                    SEPTEMBER 28, 2012

Currently before the Court is plaintiff's amended complaint against Deutsche Bank, Citi Bank, American Home Mortgage, Bank of America, DG Dynamic Real Estate LLC, and David Golan. For the following reasons, the Court will dismiss the amended complaint.

The Court dismissed plaintiff's initial pleading without prejudice because, to the extent the pleading could be construed as a complaint, she failed to clearly articulate a factual basis for her claims as required by Federal Rule of Civil Procedure 8(a). (Document No. 2.) Plaintiff was given an opportunity to file an amended complaint, which she did. Her amended complaint is not much clearer than her initial filing.

As with her initial pleading, plaintiff appears to be attempting to assert claims based on the manner in which her mortgage was handled. Her claims also may or may not concern a

1

foreclosure on her property.  However, she has not described the events that occurred in connection with her mortgage/property that give rise to her claims or articulated what each defendant did so as to render them liable to her.  Instead, the complaint invokes various legal principles and references depositions that were taken in other lawsuits, which plaintiff apparently believes to be relevant to her case.

As plaintiff is proceeding in forma pauperis, the Court may dismiss her amended complaint for failure to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may also dismiss a complaint that fails to satisfy Federal Rule of Civil Procedure 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  See Tillio v. H&R Block, Inc., 445 F. App'x 604, 604-05 (3d Cir. 2011) (per curiam).  A complaint fails to satisfy Rule 8 if it offers only "labels and conclusions" without "further factual enhancement."  Iqbal, 556 U.S. at 677-78.

Despite being given an opportunity to amend her complaint

and clarify her claims, plaintiff has submitted an amended complaint that does nothing to cure the deficiencies in her initial pleading. The amended complaint fails to clearly describe anything about plaintiff's mortgage, her property, what the named defendants did that render them liable in a civil action, or how the defendants' acts or omissions harmed plaintiff. Plaintiff's references to various legal principles and statutes, without more, cannot state a claim without a sufficient factual basis. Furthermore, it appears that plaintiff is, at least in part, relying on frivolous legal theories, as the Court cannot discern how admiralty law, or 31 U.S.C. § 5118, which concerns "gold clauses" in contracts, could provide plaintiff any relief in this action.

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint for failure to state a claim. As plaintiff has already been given an opportunity to amend, and has not been able to clearly articulate a basis for a claim, the Court concludes that further attempts at amendment would be futile. An appropriate order follows.